Argued and submitted December 30, 2019, reversed and remanded
October 21, 2020

Sarah E. Rios LOPEZ,
*Plaintiff-Respondent,*

*v.*

Danielle KILBOURNE,
*Defendant-Appellant,*
*and*

Antonio KILBOURNE,
*Defendant.*

Washington County Circuit Court
18LT13687; A169439

477 P3d 14

In this forcible entry and detainer proceeding, tenant appeals from a judgment of restitution restoring the premises to landlord's possession. The trial court found that tenant had misrepresented her rental history and income in her rental application, in violation of the duty of good faith imposed by the Oregon Residential Landlord Tenant Act (ORLTA). As a result, the court disregarded tenant's defenses and rights under the ORLTA, ruled in favor of landlord, and granted landlord possession of the residence. Tenant assigns error to that ruling. *Held*: The trial court erred. Under the circumstances of this case, tenant's representation about her rental history and income history in the rental application was neither a duty nor a condition precedent to the exercise of her rights or defenses under the ORLTA.

Reversed and remanded.

Ricardo J. Menchaca, Judge.

Frank Wall argued the cause and filed the brief for appellant.

Geoffrey B. Silverman argued the cause for respondent. Also on the brief was The Law Office of Geoffrey B. Silverman, LLC.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

In this forcible entry and detainer (FED) proceeding, tenant appeals from a judgment of restitution restoring the premises to landlord's possession. The trial court found that tenant had been untruthful in her rental application, in violation of the duty of good faith imposed by the Oregon Residential Landlord Tenant Act (ORLTA). Because the court found that tenant had misrepresented her rental history in her application, the court disregarded tenant's defenses and rights under the ORLTA, ruled in favor of landlord, and granted landlord possession of the residence. Tenant assigns error to that ruling. Because we conclude that, under these circumstances, the court erred in ruling that tenant's misrepresentation in the application process was grounds for disregarding her defenses and rights under the ORLTA, we reverse and remand.

Tenant and landlord entered into a lease agreement for a residential property in Aloha, Oregon.[1] Before the parties entered into the lease agreement, tenant had sent landlord a text message that stated:

> "So about me and my income, last year 2016 I made 76,000. I have not done my taxes this year yet. I have never been evicted, I always pay my rent, I actually paid Jan and feb [*sic*] rent at the beginning of January."

Landlord had a "very limited time" to screen applicants, though she did contact tenant's previous landlord. The parties entered into a one-year written lease agreement beginning in April 2018.

Tenant directly paid a portion of her rent, and the rest was paid through a subsidized housing program. Tenant did not pay her portion of the rent in August and September, and landlord served tenant with a 72-hour notice of termination of tenancy for nonpayment of rent. The notice, dated and served by mail on September 11, 2018, indicated that the lease would terminate if outstanding rent of $470 was

---

[1] Tenant's adult son, Antonio Kilbourne, was a party to the lease and lived at the house for some time, though he moved out during tenant's tenancy. Although he was named as a defendant in landlord's complaint, he did not participate in the trial and he does not appear as a party to this appeal. The facts regarding the circumstances of his departure from the premises are not relevant to this appeal.

not paid by 11:59 p.m. on September 18, 2018. As discussed further below, tenant maintains that, through both her father and friend, she then made two attempts to pay rent at landlord's home prior to the termination of the lease. There is some dispute in the record about the reasons for the landlord's rejection of those payments, but landlord ultimately rejected those offers. Landlord ultimately filed the underlying FED action for nonpayment of rent.

Tenant filed an answer alleging a counterclaim that landlord had unlawfully accessed the premises on three occasions without the required notice. Tenant also raised an "affirmative defense" of tender, asserting that she had attempted to pay her rent before September 18 and that landlord had wrongfully refused to accept it.[2] Pursuant to an order of the court, tenant paid her outstanding rent into court in an attempt to preserve her right to possession under the ORLTA. Tenant paid $846 into the court while the case was pending.[3]

Landlord filed a reply, in which landlord argued that tenant had violated the duty of good faith under the ORLTA, ORS 90.130, for having misrepresented her rental history and her income in the text message that tenant sent to landlord during the application process. Landlord argued that tenant misled landlord into believing that she had never been evicted when "she has been the defendant in at least 4 previous eviction lawsuits in Oregon." Landlord also argued that tenant misrepresented her income when she stated that she earned $76,000 in 2016.

The case proceeded to a bench trial. As to the alleged defense of tender of payment, tenant presented evidence that tenant had attempted to pay landlord through her father and girlfriend at landlord's residence, and that landlord had wrongfully refused to accept that payment. Landlord presented additional evidence that those tendered

---

[2] Although labelled an affirmative defense, the prior payment of rent to a landlord in response to a termination notice for nonpayment of rent appears to be an ordinary defense and not an affirmative defense.

[3] There is some confusion in the record as to how much rent tenant owed, but the parties appear to agree that the $846 paid into court exceeded the amount of rent that tenant owed.

payments had been only partial payments of the rent that was owed, and landlord argued that she was not required to accept either partial payments or payments from third parties. The parties also presented competing evidence regarding whether landlord improperly entered the leased premises without sufficient notice.

The following evidence was presented regarding landlord's argument that tenant had acted in bad faith. Landlord questioned tenant regarding her rental history and confronted tenant with an "OJIN printout" that purported to show tenant's involvement in four previous eviction actions. Tenant admitted that she had been the defendant in one of the previous eviction actions, which she stated had been dismissed in 2015. Landlord questioned whether that case had been filed for tenant's nonpayment of rent, and tenant stated that she did not remember the landlord's reason for seeking an eviction. In regard to the three other eviction cases, which the OJIN printout reflected were filed in 2012, 2011, and 1999, tenant testified that she was not a party to the 2011 and 1999 cases. As to the 2012 case, tenant acknowledged that she rented from the landlord in that case, but she did not remember that landlord having filed an eviction against her. In regard to her income, tenant testified that her income had changed significantly after 2016 because she underwent back surgery. The OJIN printout was not received into evidence, and landlord presented no other evidence of tenant's rental history or income.

During closing argument, landlord argued that tenant had lied during the application process and, accordingly, the duty of good faith in ORS 90.130 should bar her from raising any defenses or counterclaims. Landlord conceded that tenant had never actually been evicted but argued that tenant had lied by saying so because it was not the legal definition of "eviction" that applied but the "common definition of an eviction[, which] is when a landlord has to use a court process to remove a tenant from their property. * * * [T]hat's what [tenant] was saying that did not happen to her." Landlord argued that tenant had also been dishonest in the application process about "how much she could afford to pay, *about whether or not she was a person that paid her rent all the time*." (Emphasis added.) Landlord argued that,

had tenant "been honest with the landlord in the beginning, then \*\*\* she might not have rented to" tenant. Landlord argued that tenant's misrepresentations amounted to a violation of the duty of good faith, and that, accordingly, tenant "should not get to come in here and ask for the protections of the landlord-tenant act, namely the affirmative defenses that they've listed and the counter-claim."

In response, tenant argued that she had not breached the duty of good faith and that, because she had paid in more rent than was owed, tenant should retain possession. As to the duty of good faith, tenant argued that the ORLTA provides for only one instance in which a landlord can evict a tenant for untruthfulness on the application: when the tenant intentionally provides false information on the application about a criminal conviction.[4] Tenant argued that, moreover, she had not acted in bad faith and there was no evidence that tenant had been untruthful in the application process, because she had never been evicted and landlord had produced no evidence about her income. Tenant argued that, under the ORLTA, a tenant who raises counterclaims in an eviction for nonpayment of rent may pay their rent into court.[5] Tenant argued that, under that statutory scheme, if no rent is owed to the landlord after

---

[4] ORS 90.396 provides, in part:

"Except as provided in subsection (2) of this section, after at least 24 hours' written notice specifying the acts and omissions constituting the cause and specifying the date and time of the termination, the landlord may terminate the rental agreement and take possession as provided in ORS 105.105 to 105.168, if:

"\*\*\*\*\*

"(e)(A) The tenant intentionally provided substantial false information on the application for the tenancy within the past year;

"(B) The false information was with regard to a criminal conviction of the tenant that would have been material to the landlord's acceptance of the application; and

"(C) The landlord terminates the rental agreement within 30 days after discovering the falsity of the information[.]"

[5] ORS 90.370(1)(b) provides, in part:

"In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. \*\*\* If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."

the disposition of the claims and counterclaims, then the tenant retains possession of the premises. Therefore, tenant asserted that, because she had paid into court more rent than was owed, she should retain possession.

The trial court ruled in favor of landlord, entering a general judgment of restitution awarding possession to landlord. The court found that tenant "failed to act in good faith as defined in the Oregon Residential Landlord Tenant Act." The court found that tenant's testimony about her rental history was not credible and concluded that tenant acted in bad faith when she led landlord "to believe that she always paid her rent." In a letter opinion citing *Stonebrook Hillsboro, L.L.C. v. Flavel*, 187 Or App 641, 69 P3d 807, *rev den*, 335 Or 656 (2003), the court reasoned that "a prerequisite to asserting the rights and remedies under the ORLTA [is that] a party must act in good faith." Because the court found that tenant had acted in bad faith, the court ignored (1) tenant's defense that landlord had improperly rejected tenant's offer of rent prior to terminating the lease and (2) tenant's right to possession because she paid adequate rent into the court even if she did not prevail on her counterclaims.[6] The court also specifically concluded that tenant had not proven her counterclaims, which the court dismissed with prejudice. Rather than ruling that tenant had a right to maintain possession for having paid outstanding rent into court, the court returned to tenant the $846 rent payment that she had paid.

Tenant now appeals. Tenant raises two related assignments of error, both of which relate to the trial court's

---

[6] The court's letter opinion and general judgment do not explicitly address tenant's defenses and right to possession, but the letter opinion and judgment conclude that tenant failed to act in good faith under the ORLTA. The opinion and judgment then disregard tenant's defenses and right to possession before specifically concluding that tenant did not prove her counterclaims. As noted, the court ordered the return of tenant's rent payment, which exceeded the amount of rent due, and ordered tenant's eviction.

Both tenant and landlord contend that the court disregarded tenant's defenses and right to possession *because* it concluded that tenant had violated the duty of good faith. In the context of the trial court's opinion, the record, and the parties' arguments to the trial court, we also conclude that the court rejected tenant's defenses and right to possession based on its finding that tenant acted in bad faith in her representations in the rental application process.

ruling granting the FED to landlord. Beginning with her first assignment of error, tenant argues that the court erroneously concluded that the duty of good faith bars a tenant who supplies inaccurate information on a rental application from asserting defenses or seeking rights under the ORLTA. Tenant maintains that the court improperly ignored both (1) her defense that she had offered landlord payment of rent prior to termination and (2) her right to possession under the ORLTA because, in connection with filing her counterclaim, she had paid money into court that covered her outstanding rent.[7]

Landlord argues first that tenant's argument is unpreserved. That argument is unsupported, and we reject it without further discussion. As to the merits, landlord argues that the trial court properly applied the duty of good faith as a prerequisite to tenant's exercise of *any* defenses or rights under the ORLTA. Therefore, landlord contends, the court properly disregarded tenant's tender-of-rent defense and her right to possession under the ORLTA because the court found that tenant had acted in bad faith.

"In an appeal from a residential FED action tried to the court, we review the trial court's legal conclusions for errors of law, and we are bound by the trial court's findings of fact if there is any evidence to support them." *Home Forward v. Graham*, 287 Or App 191, 193, 401 P3d 797, *adh'd to as modified on recons*, 288 Or App 227, 404 P3d 1151 (2017), *rev den*, 362 Or 482 (2018). We first address tenant's legal argument that the trial court misapplied the duty of good faith.

We begin with a brief overview of the relevant statutes. The ORLTA provides that, in an eviction action

---

[7] Although tenant makes passing reference to the landlord having not proved that she made a misrepresentation in her rental application, her brief does not assign error to or otherwise challenge the trial court's finding that she made a misrepresentation in her rental application. Instead, tenant raises a legal argument that the court erred when it granted landlord's FED claim after it improperly ignored her defenses once it found that she had made a misrepresentation in her application. We, therefore, address the purely legal argument that tenant raises in her brief.

We further note that tenant did not assign error to the trial court's ruling that she had not proved her counterclaims.

for the nonpayment of rent, "the tenant may counterclaim for any amount *** that the tenant may recover under the rental agreement or this chapter," provided that the landlord received appropriate notice of the facts underlying the counterclaim. ORS 90.370(1)(a).

> "In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."

ORS 90.370(1)(b). As the Supreme Court has observed, the "net effect" of those statutory provisions "is an implicit withholding remedy." *Napolski v. Champney*, 295 Or 408, 418, 667 P2d 1013 (1983).

> "[I]f the landlord is in noncompliance with his obligations under the ORLTA to the monetary damage of the tenant, the tenant can withhold rent, and if the landlord commences an FED action the tenant can counterclaim and pay the rent arrearage into court to protect her right to possession."

*Id.*[8] In other words, ORS 90.370 provides tenants a withholding remedy in the event the tenant files counterclaims. If the tenant's damages on her counterclaims *plus* the rent that tenant paid into court equals or exceeds the rent owed to the landlord such that "no rent remains due," the tenant "shall" retain possession. ORS 90.370(1)(b); *see also Napolski*, 295 Or at 418 ("[A] tenant is not in default of rent and a landlord is not entitled to terminate the lease for nonpayment of rent if the tenant has refused to pay the rent because of some default of the landlord's which entitles her to damages

---

[8] Although the court in *Napolski* applied an older version of the statute, *former* ORS 91.810 (1983), *renumbered as* ORS 90.370 (1993), the text of the statute remains largely unchanged, as is relevant to this appeal.

and she tenders sufficient funds into court to cover any rent that ultimately may be determined to be due."). A tenant need not prevail on her counterclaims; in the event that the tenant fails to prove her counterclaims, if the tenant has paid in enough to cover the rent that is owed, the tenant retains possession. *Amatisto v. Paz*, 82 Or App 341, 346, 728 P2d 42 (1986). However, as a "prerequisite" to invoking the withholding remedy of ORS 90.370, the tenant must bring their counterclaims in good faith. *Napolski*, 295 Or at 419.

The duty of good faith is codified in the ORLTA. It applies to every duty arising under the ORLTA and every act that is a condition precedent to exercising a right or a remedy under the ORLTA.

> "Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement."

ORS 90.130. For instance, because a tenant must bring counterclaims as a condition precedent to the tenant's withholding of rent under ORS 90.370, those counterclaims must be brought in good faith. *See Napolski*, 295 Or at 419 ("Spurious, frivolous, or improperly motivated counterclaims may not be used to justify a tenant's rent withholding.").

The ORLTA defines "good faith" as "honesty in fact in the conduct of the transaction concerned." ORS 90.100(19). The Supreme Court recently explained that, because the duty of good faith in the ORLTA was imported from the Uniform Commercial Code (UCC), sections 1 to 203, the appropriate standard for good faith in the ORLTA context is subjective. *Eddy v. Anderson*, 366 Or 176, 186-87, 458 P3d 678 (2020). The standard "is a 'subjective one, looking to the intent or state of mind of the party concerned.'" *Id*. at 187. Contrasted with the common-law standard of good faith, which is an objective standard that looks to the parties' reasonable expectations, the UCC's subjective good faith standard does not "provide a remedy for an unpleasantly motivated act that is expressly permitted by contract or statute." *Id*. (citing *U.S. National Bank v. Boge*, 311 Or 550, 567, 814

P2d 1082 (1991)). In applying good faith in the context of the
ORLTA,

> "the obligation of good faith cannot vary the substantive
> terms of the ORLTA. Thus, a person who acts in a man-
> ner expressly permitted by the ORLTA does not breach the
> duty of good faith unless the person has acted dishonestly
> as to the matter. Whether (or not) his or her actions meet
> an objective standard of reasonableness *** is irrelevant."

*Id.* at 188 (internal quotation marks omitted).

With that background in mind, we turn to the facts
of this case. Here, the trial court found that tenant's state-
ments to landlord concerning her rental history and that
she always paid her rent were not true and that those state-
ments amounted to bad faith. The court ruled that tenant's
bad faith in the application process was grounds for disre-
garding tenant's defenses and assertion of her rights under
the ORLTA, including tenant's defense that she offered to
pay rent through third parties prior to termination and her
right to retain possession under the ORLTA for paying rent
into court under ORS 90.370. Therefore, the question before
us is whether tenant's misrepresentation in the application
process is a violation of the duty of good faith that justifies
disregarding her defense that she offered to pay rent prior to
termination and her right to remain in possession because
she paid rent into court under ORS 90.370(1)(b). We con-
clude, for the following reasons, that it does not.

The duty of good faith applies to either the perfor-
mance or enforcement of "[e]very duty" and "every act which
must be performed as a condition precedent to the exercise
of a right or remedy" under the ORLTA. ORS 90.130. For
example, we have held that a tenant's bad faith in avoiding
a landlord's notice of an eviction prevented that tenant from
attempting to enforce the notice requirement during the
FED proceeding. *Stonebrook Hillsboro, L.L.C.*, 187 Or App
at 647. In that case, the tenants had resided in a hotel long
enough to become tenants, and then promptly stopped pay-
ing their rent. *Id.* at 643. The hotel manager and employees
attempted twice to hand deliver an eviction notice to the
tenants, and they refused to accept it. *Id.* at 644-45. After
the tenants refused to accept hand delivery of the notices, a

hotel employee slipped termination notices under the door of the tenants' rooms. *Id.* at 645. The tenants admitted that they received the notices, but they argued that such notice was inadequate under the ORLTA because the statute required personal delivery. *Id.* We held that the tenants were barred from enforcing the landlord's statutory obligation to achieve personal service of the notice, because the tenants acted in bad faith when they avoided the landlord's attempts to personally deliver the notices. *Id.* at 646-47.

Here, the trial court relied on *Stonebrook Hillsboro, L.L.C.* to bar tenant from raising a defense to this eviction because of a lie—the statement that tenant always paid her rent—that tenant told during the application process. The court quoted from our opinion in *Stonebrook Hillsboro, L.L.C.* that, "as a prerequisite to asserting the rights and remedies under the ORLTA, a party must act in good faith." *Id.* at 647. The trial court's application of that quotation, taken out of context, to the circumstances of this case suggests that parties are required to act in good faith at all times, without qualification, or risk losing all of their rights as tenants or landlords under the ORLTA. The duty of good faith under the ORLTA, however, is not so broad.

The clear text of ORS 90.130 extends the duty of good faith to "[e]very duty" and "every act which *must* be performed *as a condition precedent* to the exercise of a right or remedy" under the ORLTA. (Emphases added.) Here, neither the trial court nor landlord identified the precise duty or condition precedent that tenant was either performing or enforcing when she sent landlord a text message as part of her application for the apartment in which she claimed that she always paid her rent or when she made other representations about her rental history. Without the identification of a duty or an act that is a condition precedent, the statutory duty of good faith does not apply. The ORLTA does not condition the tenant's right to contend that she had paid rent—in an eviction action that claimed she had not—on any prior statements in her rental application. The ORLTA also does not condition the right to pay rent into court to maintain possession under ORS 90.370(1)(b) on the tenant's prior good faith in the application process. Nowhere in the ORLTA are those rights and duties tied together. Nor is this

case similar to *Stonebrook Hillsboro, L.L.C.*, a case in which we concluded that the tenant could not complain about lack of personal service of notice of termination of the tenancy when the tenant had not acted in good faith in avoiding personal service. That was a case in which the right and duty were both tied to the same act, personal service of the eviction notice. Under the circumstances of this case, tenant's representation about her rental and income history in the rental application process was neither a duty nor a condition precedent to the exercise of her right to pay rent prior to termination of her lease or her right to pay rent into court under the ORLTA and, as such, the duty of good faith in ORS 90.130 did not apply.[9]

We turn briefly to tenant's second assignment of error. Tenant contends that the trial court erred in entering judgment in favor of landlord on the FED claim because, according to tenant, to the extent that the court considered tenant's defense that she timely offered to pay rent to the landlord through third parties, the court improperly rejected that defense on the merits. We do not resolve that assignment of error. As discussed above, we conclude that the court erred in ignoring tenant's defense of tender of rent and never reached the merits of that defense. There are disputed issues of fact about tenant's attempt to pay rent through third parties that the court never reached. However, because it may be helpful for resolving issues on remand should tenant wish to pursue her defense that she timely offered to pay rent to her landlord, we address a legal issue that may arise on remand. We observe that the lease does not prohibit tenant from delivering her rent to landlord at her home through third parties. It specifically provides that rent may be provided "by mail" or "in person" at landlord's

---

[9] We do not intend to suggest that tenants are free to misrepresent facts to landlords without consequence during the application process. Landlords may still have claims for breach of contract or material misrepresentation. Landlords may have claims under other statutory provisions in the ORLTA for the landlord to take possession, such as when a tenant lies about a criminal conviction under ORS 90.396(1)(e). We merely conclude that the statutory duty of good faith in the ORLTA does not apply in this instance to bar tenant from defending against an FED action for nonpayment of rent by paying her rent, nor does it preclude tenant from maintaining possession under ORS 90.370(1)(b) by paying her rent into court.

address. It does not otherwise limit who may deliver the rent payments on behalf of tenant.

In sum, the trial court erred in both rejecting tenant's defense of a timely tender of rent to landlord and her right under the ORLTA to retain possession by paying rent into court under ORS 90.370(1)(b) as barred due to a breach of the duty of good faith. With respect to tenant's payment of rent into court under ORS 90.370(1)(b), the court found that tenant had not proved her counterclaim, but the court did not make explicit or implicit findings that tenant had raised those counterclaims in bad faith. Therefore, the court was required to consider that tenant had exercised the withholding remedy of ORS 90.370 and paid her rent into the court. *See Amatisto*, 82 Or App at 346-47 (holding that a tenant who brought counterclaims in good faith that were ultimately rejected retained possession because she had paid her rent into court). Because tenant had paid into court more rent than was owed, the court erred in granting possession of the premises to landlord and returning tenant's rent money.

The trial court erred in failing to consider tenant's tender-of-rent defense and in awarding possession to landlord.

Reversed and remanded.