Argued and submitted February 11, 2021, reversed and remanded June 29, petition for review allowed, in part, October 20, 2022 (370 Or 404) See later issue Oregon Reports

SHEPARD INVESTMENT GROUP LLC,
an Oregon limited liability company,
dba Umbrella Properties Management,
*Plaintiff-Appellant*,

*v.*

Bret Lee ORMANDY,
an individual and all other occupants,
*Defendant-Respondent*.

Lane County Circuit Court
19LT16199; A173257

514 P3d 1125

ORS 90.315(4) permits a landlord to pass on utility charges to tenants, but only if it does so in a certain manner and meets certain requirements. ORS 90.315(4)(f) in turn states that, "[i]f a landlord fails to comply with" those listed requirements, "the tenant may recover from the landlord an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." Here, the trial court concluded that landlord had failed to comply with ORS 90.315(4)(b) 12 times—once every month over the preceding year—and awarded tenant statutory damages in an amount equal to one month of tenant's rent for each of those violations, totaling $9,050. Landlord appeals, contending that the trial court erred in its damages award. *Held*: ORS 90.315(4) does not permit a tenant to recover "one month's periodic rent or twice the amount wrongfully charged" for each individual or separate periodic billing that fails to comply with ORS 90.315(4)(a) to (d). Here, tenant could simply recover "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant," whichever was greater. Specifically, tenant was entitled to recover twice the amount that he was wrongfully charged by landlord—$960—for the one-year period alleged in tenant's counterclaim, because that amount was greater than one month of tenant's periodic rent.

Reversed and remanded.

Kamala H. Shugar, Judge.

John R. Roberts argued the cause and filed the brief for appellant.

Matthew G. Shepard argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

In this case, we construe ORS 90.315(4)(f), one of many remedy provisions in the Oregon Residential Landlord and Tenant Act (ORLTA). ORS 90.315(4) permits a landlord to pass on utility charges to tenants, but only if it does so in a certain manner and meets certain requirements. ORS 90.315(4)(f) in turn states that, "[i]f a landlord fails to comply with" those listed requirements, "the tenant may recover from the landlord an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." What does it mean to "fail[] to comply" with the listed utility billing requirements? Further, what damages may a tenant recover when a landlord charges for utilities in a manner that does not comply with the billing practices required by ORS 90.315(4)(b) every month for an entire year?

As we explain below, and upon careful consideration of the statutory text and context, we conclude that ORS 90.315(4) does not permit a tenant to recover "one month's periodic rent or twice the amount wrongfully charged" for *each* individual or separate periodic billing that fails to comply with ORS 90.315(4)(a) to (d). Here, tenant could simply recover "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant," whichever was greater. More specifically, tenant is entitled to recover twice the amount that he was wrongfully charged by landlord—$960—for the one-year period alleged in tenant's counterclaim, because that amount is greater than one month of tenant's periodic rent. Thus, with respect to landlord's first assignment of error on appeal, the trial court erred in awarding one month's rent for each month during which tenant was charged for utilities in a manner that violated ORS 90.315(4)(b). As we explain further below, we need not consider the merits of landlord's second assignment of error, because any error in that regard—if any indeed occurred—was harmless. Finally, we reject landlord's third and final assignment of error. Accordingly, we reverse and remand.

The relevant facts are largely procedural and undisputed. Tenant had rented a residential unit in landlord's

Fairfield Apartments since 2008. In 2013, landlord notified tenant by letter that it would begin charging a monthly flat fee for several utilities, namely water, sewer, and garbage services. Tenant's subsequent rental agreements included a provision to that effect. At all times relevant to this appeal, landlord charged tenant a $40 per month utility fee.

In November 2019, tenant failed to pay that month's rent charges, and on November 8, landlord issued a "72-hour notice" communicating its intent to terminate tenant's rental agreement for nonpayment of rent. On November 13, landlord initiated an eviction action. In response, tenant filed an answer asserting affirmative defenses and a counterclaim alleging that landlord had violated the utility billing requirements of ORS 90.315(4)(b). Tenant alleged in his counterclaim that landlord had failed to timely bill him in writing for utility charges assessed each month over the preceding year, as required by ORS 90.315(4)(b)(A).[1] Tenant further alleged that landlord had failed to provide him, in the written rental agreement or in bills, with an explanation of the manner in which the utility providers assessed their charges and the manner in which the landlord allocated those charges among the Fairfield tenants, as required by ORS 90.315(4)(b)(B). Tenant asserted that, pursuant to the damages provision in ORS 90.315(4)(f), he was entitled to recover "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." More specifically, he claimed that he was entitled to one month's periodic rent for each month he was charged for utilities in a manner that failed to comply with ORS 90.315(4)(b). Tenant argued that that amount totaled $11,010.

The case was tried to the court. The court found that, over the relevant time period, landlord had charged tenant $40 each month for utility services without sending any written or electronic bills for those charges; that landlord had never offered or provided tenant with the underlying utility providers' bills; that landlord had failed to provide any explanation, in either the rental agreement or in bills, of the manner in which the utility providers assessed

---

[1] Pursuant to ORS 12.125, "[a]n action arising under a rental agreement or ORS chapter 90 shall be commenced within one year."

their charges; and that landlord had failed to describe, in either the rental agreement or in bills, the manner in which it allocated the utility charges among the Fairfield tenants. The court concluded that landlord had failed to comply with ORS 90.315(4)(b) 12 times—once every month over the preceding year—and awarded tenant statutory damages pursuant to ORS 90.315(4)(f) in an amount equal to one month of tenant's rent for each of those violations, totaling $9,050. After deducting the amount of tenant's unpaid November rent and other outstanding charges per the agreement of the parties, the court dismissed landlord's claim for possession and awarded tenant $7,195 in damages. Tenant subsequently obtained a supplemental judgment for $5,068 in costs and attorney fees.

Landlord appeals, contending in part that the trial court erred in determining the damages award. We do not understand landlord to contest the trial court's conclusion that landlord charged tenant for utilities in a manner that did not comply with ORS 90.315(4)(b), or that those charges were levied 12 times. Instead, landlord contends that ORS 90.315(4)(f) is not a "per violation" damages provision, that the legislature knows how to include "per violation" language when it so intends, and that ORS 90.315(4)(f) punishes "a course of conduct which may consist of one or many related acts occurring over an undefined period of time." Landlord argues that, regardless of whether a landlord levies one or 12 individual utility charges that fail to comply with ORS 90.315(4)(b), in all circumstances the landlord "fail[ed] to comply" with the requirements and is liable to the tenant in "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." Tenant, on the other hand, argues that each individual noncompliant charge is a separate "fail[ure] to comply" that must be assessed its own damages; in other words, tenant argues that a landlord is liable for "one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater" for *each* noncompliant charge.

We review for legal error. *Lopez v. Kilbourne*, 307 Or App 301, 307, 477 P3d 14 (2020). Landlord's assignment of error presents a question of statutory interpretation to which we employ our familiar methodology, considering the text,

context, and any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). It is our duty to identify the statute's correct interpretation, regardless of whether that interpretation is asserted by either party. *Elk Creek Management Co. v. Gilbert*, 353 Or 565, 570, 303 P3d 929 (2013). In doing so, we may not "insert what has been omitted" or "omit what has been inserted." ORS 174.010.

We begin with a brief overview of the statute at issue. ORS 90.315 is one of many statutes in the ORLTA, an act that was originally modelled after the Uniform Residential Landlord and Tenant Act and enacted in 1973. *See, e.g.*, *Eddy v. Anderson*, 366 Or 176, 186, 458 P3d 678 (2020) (noting uniform act origins). In recent decades, the vast majority of the many amendments to the act have been the product of a coalition of landlord and tenant advocate groups that has sought to draft legislation by consensus. Testimony, House Committee on Human Services and Housing, SB 390, May 11, 2015, Ex 1 (summary by John VanLandingham) (noting coalition history); Jodie Leith Chusid, *The Oregon Residential Landlord and Tenant Act: The Time for Reform*, 77 Or L Rev 337, 338-39, 360-61 (1998) (noting history of act and later coalition amendments). The monthly billing transparency requirements that are today found in ORS 90.315(4)(b) are relatively new, having been enacted in 2015. Or Laws 2015, ch 388, § 8. Those requirements were also drafted and proposed by the landlord-tenant coalition. Testimony, House Committee on Human Services and Housing, SB 390, May 11, 2015, Ex 1 (summary by John VanLandingham).

ORS 90.315 specifically addresses utility and service charges in residential tenancies, and, as relevant here, ORS 90.315(4)(a) and (b) impose a variety of requirements on landlords who wish to pass those charges on to tenants:

"(4)(a)   Except for tenancies covered by ORS 90.505 to 90.850, if a written rental agreement so provides, a landlord may require a tenant to pay to the landlord a utility or service charge or a public service charge that has been billed by a utility or service provider to the landlord for utility or service provided directly, or for a public service provided indirectly, to the tenant's dwelling unit or to a common area available to the tenant as part of the tenancy.

A utility or service charge that shall be assessed to a tenant for a common area must be described in the written rental agreement separately and distinctly from such a charge for the tenant's dwelling unit.

"(b)(A)   If a rental agreement provides that a landlord may require a tenant to pay a utility or service charge, the landlord must bill the tenant in writing for the utility or service charge within 30 days after receipt of the provider's bill. If the landlord includes in the bill to the tenant a statement of the rent due, the landlord must separately and distinctly state the amount of the rent and the amount of the utility or service charge.

"(B)   The landlord must provide to the tenant, in the written rental agreement or in a bill to the tenant, an explanation of:

"(i)   The manner in which the provider assesses a utility or service charge; and

"(ii)   The manner in which the charge is allocated among the tenants if the provider's bill to the landlord covers multiple tenants.

"(C)   The landlord must:

"(i)   Include in the bill to the tenant a copy of the provider's bill; or

"(ii)   If the provider's bill is not included, state that the tenant may inspect the provider's bill at a reasonable time and place and that the tenant may obtain a copy of the provider's bill by making a request to the landlord during the inspection and upon payment to the landlord for the reasonable cost of making copies.

"(D)   A landlord may require that a bill to the tenant for a utility or service charge is due upon delivery of the bill. A landlord shall treat the tenant's payment as timely for purposes of ORS 90.302(3)(b)(A) if the payment is made by a date that is specified in the bill and that is not less than 30 days after delivery of the bill.

"(E)   If a written rental agreement so provides, the landlord may deliver a bill to the tenant as provided in ORS 90.155 or by electronic means."

ORS 90.315(4)(c) and (d) present additional requirements not at issue here, limiting the conditions under which a landlord may add an additional amount to a utility charge

and placing requirements on how a landlord may amend a rental agreement to pass on service charges. Finally, and most significantly for this opinion, paragraph (4)(f) provides a tenant remedy for violations of the above requirements: "If a landlord fails to comply with paragraph (a), (b), (c) or (d) of this subsection, the tenant may recover from the landlord an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." ORS 90.315(4)(f).

Generally stated, then, a landlord may require a tenant to pay a monthly utility charge, if the written rental agreement so provides, but must bill the tenant for that charge in writing and must include in that bill either the utility provider's bill itself or an offer that the tenant may inspect the provider's bill upon request. ORS 90.315(4)(b)(A), (C). Additionally, the landlord must also provide the tenant with an explanation of how the utility provider assesses its charges and how those charges are allocated among the tenants. ORS 90.315(4)(b)(B). That information may be provided in the rental agreement or as part of the utility bill to the tenant. *Id.* If a landlord "fails to comply" with paragraphs (a) to (d), ORS 90.315(4)(f) provides the tenant with the greater of two possible remedies—either "an amount equal to one month's periodic rent" or "twice the amount wrongfully charged to the tenant." And, again, a landlord "fails to comply" with paragraph (b) if it fails to bill the tenant in writing for the utility charge within 30 days after receipt of the provider's bill (ORS 90.315(4)(b)(A)); fails to provide the tenant, in the written rental agreement or in the bill, with an explanation of the manner in which the provider assesses the utility charge and the manner in which the charge is allocated among the tenants (ORS 90.315(4)(b)(B)); or fails to include in the bill a copy of the provider's bill or an offer that the tenant may inspect the provider's bill (ORS 90.315(4)(b)(C)).

Considering those provisions together, several takeaways are immediately apparent. First, a landlord may not charge a tenant for utilities *at all* if the written rental agreement does not account for such charges, and a landlord "fails to comply" if it charges a tenant a single utility charge under those circumstances. Second, ORS 90.315(4)(b) describes

requirements that a landlord must meet when a landlord charges a tenant *a* utility charge. It follows that a landlord also "fails to comply" with ORS 90.315(4)(b) if it sends a single utility charge to a tenant absent the required disclosures, even if such charges were contemplated by the rental agreement. Thus, ORS 90.315(4)(f) makes clear that a landlord is liable for damages if it levies even a single noncompliant utility charge; it is the provision's applicability when *multiple* utility billings violate the requirements that is less clear. As explained earlier, in tenant's view, "courts must make an ORS 90.315(4)(f) calculation and award for each separate utility charge for which a violation has occurred." In landlord's view, tenant is "entitled only to the greater of twice the amount wrongfully charged or one month's rent" regardless of the number of noncompliant utility charges.

Before we address those competing arguments, however, we must interpret an aspect of the statute that neither party confronts in their arguments to us: What does it mean under ORS 90.315(4) for a landlord to "wrongfully charge[]" a tenant? As noted, we have a duty to interpret ORS 90.315(4)(f) correctly, and our understanding of that term necessarily informs our understanding of the remedy provision as a whole, which, again, provides a tenant the right to "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." ORS 90.315(4)(f). "Wrongful" and "wrongful charge" are not defined by the ORLTA. However, "wrongful" is a word of common usage that ordinarily means "full of wrong : injurious, unjust, unfair" or "not rightful especially in law : having no legal sanction : unlawful, illegitimate." *Webster's Third New Int'l Dictionary* 2642 (unabridged ed 2002). That latter definition makes sense in the context of this statute—in other words, a landlord wrongfully charges a utility charge to a tenant when it charges the tenant without complying with the law, or, more particularly here, the requirements in ORS 90.315(4)(a) to (d).[2]

---

[2] We note that a different subsection of ORS 90.315 provides that, when a landlord knowingly fails to disclose certain matters, "the tenant may recover twice the actual damages sustained or one month's rent, whichever is greater." ORS 90.315(3). Actual damages therefore appear to be distinct from "the amount wrongfully charged." However, we need not decide the precise distinction between those terms here.

We turn to our construction of the remedy provision. As discussed above, ORS 90.315(4)(f) applies when a landlord "fails to comply" with paragraphs "(a), (b), (c) or (d)." "[F]ails to comply" plainly does not distinguish between individual utility bills or provide for increasing penalties when a tenant establishes that the landlord charged for utilities in a manner that violated ORS 90.315(4)(b) several different times. A landlord can "fail[] to comply" once or many times, and that phrase, standing alone, does not tell us what the legislature intended as a remedy. Instead, it merely establishes the necessary conditions for a tenant to recover one of two possible remedies: "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." ORS 90.315(4)(f).

However, the provision does account for the possibility that, when a landlord fails to comply with the law on *multiple* occasions, it may be liable for multiple "wrongful[] charge[s]." The first possible measure of damages limits a tenant to just "*one* month's periodic rent" if the landlord fails to comply. ORS 90.315(4)(f) (emphasis added). Thus, a landlord may fail to comply with the law any number of times yet still be subject to just one month's periodic rent in damages. However, the second of the two possible damages measured under ORS 90.315(4)(f) is "twice the amount wrongfully charged to the tenant." By its plain language, that measure may be calculated from one single charge or a variety of different wrongful charges—the statute does not specify or limit the measure to one or the other. Instead, the focus is on the amount wrongfully charged. By including that alternative measure of damages, the legislature provided an avenue by which repeated noncompliant utility billings could result in a damages award that is greater than that resulting from a single noncompliant billing. In that way, the legislature built into the damages provision a penalty with some, but not too many, teeth. When a landlord fails to comply with ORS 90.315(4)(a), (b), (c), or (d), a tenant may recover for multiple violations when there are multiple wrongful charges, but the legislature limited those damages to either one month's periodic rent or twice the total amount wrongfully charged, whichever is greater.

Although no Oregon appellate case has yet construed ORS 90.315(4)(f), the surrounding context of ORS 90.315 provides additional support for our interpretation. Specifically, ORS 90.315 begins by addressing requirements that effect the tenancy as a whole. The statute's first landlord requirement is expressed in subsection (2), which requires the landlord to disclose, "in writing at or before the commencement of the tenancy," if "any utility or service that the tenant pays directly *** benefits, directly, the landlord or other tenants." As previously noted, subsection (3) provides a tenant the remedy of "twice the actual damages sustained or one month's rent, whichever is greater" if the landlord "knowingly fails to disclose those matters required under subsection (2)." ORS 90.315(4), in turn, lists a variety of different utility billing requirements, beginning, as we explained earlier, with the foundational requirement in paragraph (a) that the landlord may not bill the tenant for utilities *at all* unless those charges are stated in the rental agreement. The legislature would have been aware in drafting ORS 90.315(4)(b) that the provision would appear after and interact with provisions that concerned tenancy-wide requirements. In light of that context, we conclude that the legislature would have included "per noncompliant billing" or similar language in ORS 90.315(4)(f) had it intended for courts to calculate damages in that fashion.

In sum, we conclude that the proper application of ORS 90.315(4)(f) is clear from its plain text: "If a landlord fails to comply with paragraph (a), (b), (c) or (d) of this subsection, the tenant may recover from the landlord an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." The legislature chose language that does not direct a deciding court to award "one month's periodic rent or twice the amount wrongfully charged the tenant, whichever is greater" for each and every separate noncompliant bill sent by a landlord, and the legislature would have included language to that effect had that interpretation been intended.[3] Instead, the legislature

---

[3] We note, briefly, that we find no guidance in the legislative history. The tenant remedy today found at ORS 90.315(4)(f) was first enacted in 1999 and originally applied to landlord violations such as failing to disclose utility charges in rental agreements or adding prohibited surcharges into utility fees. *See* Or Laws

created a remedy that addresses multiple failures to comply with the law via a potential remedy of "twice the amount wrongfully charged," a remedy that is only available to tenants when that amount is greater than one month's rent.

In the instant case, tenant established that landlord had failed to comply with ORS 90.315(4)(b) during 12 separate months, and, as a result, tenant was entitled to recover from landlord "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." Tenant established that he had been "wrongfully charged" a $40 utility fee during each of those 12 months, totaling $480. Tenant also established that, at the time of trial, he paid $825 in periodic rent each month. Tenant was therefore entitled to "twice the amount wrongfully charged" or $960 in damages on his counterclaim, the greater of those two possible measures of damages.

Finally, we briefly address landlord's two remaining assignments of error. In landlord's second assignment of error, landlord contends that the trial court erred in concluding that tenant's rental agreement did not permit "nail and mail" service, and in concluding that landlord's termination notice was invalid. Even if the trial court indeed erred as to those rulings, however, any error was harmless. In the trial court, the parties originally scheduled trial for November 2019 but stipulated to reset the trial date to December. In doing so, they agreed that only claims and counterclaims that had accrued as of November 2019 would be litigated. In light of that time frame, landlord sought possession for nonpayment of $825 for November's rent. Because, as we just determined, tenant is entitled to $960 in damages on his counterclaim, landlord would not have been entitled to possession in any event, even if the court had found its "nail and mail" service of the termination notice to be valid. *See*

---

1999, ch 603, § 18. The monthly billing transparency requirements today found in ORS 90.315(4)(b) were not enacted until 2015. Or Laws 2015, ch 388, § 8. Both provisions were drafted and proposed by the landlord-tenant coalition described earlier. Testimony, House Committee on Human Services and Housing, SB 390, May 11, 2015, Ex 1 (summary by John VanLandingham); Testimony, Senate Committee on Business and Consumer Affairs, HB 3098, May 10, 1999, Ex O (comments by John VanLandingham). However, neither the coalition nor the legislators commented on how ORS 90.315(4)(f) damages should be awarded when a landlord repeatedly charges a tenant for utilities in violation of ORS 90.315(4)(b).

ORS 90.370(1)(b) ("If no rent remains due after application of this section * * * a judgment shall be entered for the tenant in the action for possession."); *Timmermann v. Herman*, 291 Or App 547, 549, 565, 422 P3d 347 (2018) (tenant entitled to possession and judgment in her favor where she prevailed on her counterclaims "to the extent that no rent remains due"). As a result, we do not consider landlord's second assignment of error on its merits. In landlord's third assignment of error, landlord contends that the trial court erred in designating tenant as the prevailing party and awarding tenant costs and attorney fees. We reject that argument without discussion.

Reversed and remanded.