262 August 7, 2024 No. 550

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Charles GRANT
and Deborah Grant,
*Plaintiffs-Respondents,*

*v.*

Corine TAYLOR
and all others,
*Defendant-Appellant.*

Multnomah County Circuit Court
23LT01461; A181022

Michael J. Riedel, Judge.

Argued and submitted June 14, 2024.

Harry Ainsworth argued the cause and filed the brief for appellant.

Ryan T. O'Connor argued the cause for respondents. Also on the brief was O'Connor Weber LLC.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of restitution in favor of plaintiffs, arguing that the trial court erred in applying the vacation occupancy exception to the Oregon Residential Landlord Tenant Act (ORLTA). We affirm.

Plaintiffs own a three-unit home in Portland. They reside in one of the units and rent out the others as vacation rentals through Vrbo. Through the Vrbo.com website, defendant made a reservation for her and her family to stay at plaintiffs' vacation rental (the property) for two days. On the second day of her stay, defendant and plaintiffs reached an agreement whereby defendant and her family would stay at the property for an additional week. At the end of that additional week, defendant and her family continued to stay at the property, without plaintiffs' consent and without paying. Another week passed, and defendant's adult son-in-law met with plaintiffs and, in a move reminiscent of Michael Keaton's character in the 1990 thriller *Pacific Heights*, claimed that defendant and her family were now tenants and that plaintiffs could not make them leave. After multiple failed attempts to get defendant and her family to leave the property, plaintiffs eventually posted and mailed a Landlord's Termination Notice to defendant, requiring defendant and her family to vacate the property within two weeks. Nevertheless, defendant remained.

Plaintiffs proceeded to file a commercial eviction complaint. The trial court ruled in plaintiffs' favor, concluding that Chapter 90 of the ORLTA was inapplicable, because the parties' rental arrangement qualified as a vacation occupancy exception to that statute. On appeal, defendant argues that the trial court erred in ruling that plaintiffs were not obligated to comply with the ORLTA's requirements.

Generally, the ORLTA regulates the "rights, obligations and remedies under a rental agreement" subject to certain exceptions. ORS 90.115; ORS 90.110(6). The vacation occupancy exception applies to an "occupancy in a dwelling unit, not including transient occupancy in a hotel or motel," where (1) the "occupant rents the unit for vacation purposes only, not as a principal residence;" (2) the "occupant

has a principal residence other than at the unit; and" (3) the "period of authorized occupancy does not exceed 45 days." *Former* ORS 90.100(51) (2021), *renumbered as* ORS 90.100(54) (2024); *1000 Friends of Oregon v. Clackamas County*, 320 Or App 444, 453-54, 514 P3d 553 (2022). The burden rests on the landlord to establish all three characteristics. *Id*. Whether the ORLTA applies is a question of law, *Greene v. Hren*, 224 Or App 223, 229, 197 P3d 1118 (2008), and we are bound by the trial court's findings of fact if there is any evidence in the record to support them, *Lopez v. Kilbourne*, 307 Or App 301, 307, 477 P3d 14 (2020).

The trial court determined that plaintiffs satisfied their burden to establish all three prongs of the vacation occupancy exception under ORS 90.100(51) (2021), and the factual bases underlying that determination are supported by the record. The parties do not dispute the third prong, that the period of authorized occupancy did not exceed 45 days, so we turn to the first and second prongs. Plaintiffs satisfied their burden to prove both that defendant rented the property for vacation purposes only and that defendant had a principal residence other than the property. Defendant told plaintiffs that she lived in Washington, suggesting that she maintained a principal residence apart from the property. Defendant made her initial reservation for two days, consistent with use for vacation purposes and not as a principal residence. And the communications from defendant to plaintiffs regarding defendant's stay at the property are consistent with someone understanding and consenting to the arrangement being a vacation occupancy, rather than a new principal residence. Because the trial court's factual findings were supported by evidence in the record, the court did not err in concluding that the parties' residential agreement was exempt from the ORLTA and that plaintiffs were not obligated to comply with the ORLTA's requirements.

Defendant also challenges the trial court's factual finding that she failed to pay plaintiffs in full for the agreed-upon additional week of her stay at the property. But whether or not that payment occurred, as discussed above, the record is replete with evidence to support the court's findings that plaintiffs satisfied all three prongs of

the vacation occupancy exception. Therefore, even assuming that the court did err in finding that defendant failed to pay for the additional week, there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). The error, if any, is harmless.

Affirmed.